Please rise. The score is now in session. You may be seated. 3-10-0191 consolidated with 3-10-192, people of the State of Illinois, declared by Judith Kelly v. Monterrey and Hinkle, consolidated by Sean Collins Stapleton. Mr. Stapleton, you may approach. That's not coming from our building, I take it. It's Tuesday of the month. You are being greeted with bells and whistles. If you would like to wait a few moments until they subside, you're welcome. I'll leave it up to you. Do you guys mind? I don't know how long this goes on. Up in Chicago, they go on for quite some time. Vicki, do you want to say something about the motion? Oh, yeah. We have a motion that we received from Mrs. Kelly today for Lee to hold the ruling in abeyance. You are welcome to address the motion during argument. We intend to take the motion with the case. Perfect. There you go. Perfect timing. You do start his time now. May it please the Court, my name is Sean Collins Stapleton, on behalf of the Parliamentary Assembly. I'm going to focus my arguments today on the second part of Finkel's argument, that his due process rights and his right to the effective assistance of counsel were violated when he was told that he would receive a determinate MSR term in advance. The Court was legally obligated to sentence him to an indeterminate, three-year-to-life term. Finkel entered open pleas to predatory criminal sexual assault and criminal sexual assault. The Court told him that he would be subject to determinate MSR terms of three years and two years, respectively. At sentencing, Finkel received a maximum sentence of 30 years and 15, and the Court imposed the illegal determinate MSR term of three years and two years. Now, the proper sentence was an MSR term of three years of life, and that life term really is a de facto life term, Your Honors, because the statute contemplates that the defendant will serve the entire term of life on MSR. The burden is on the defendant to discharge himself from the MSR term, and the burden is very substantial. The defendant must convince his parole officer that he is entitled to release. The defendant then must convince an examiner approved by the Sex Offender Management Board that he is entitled to release. And then finally, the defendant must convince the Prisoner Review Board itself that he is entitled to. This is a substantial burden, and again, the statute contemplates that the defendant will serve his entire life on MSR. Because the term MSR is a life term, a de facto life term, and that exceeds the maximum sentences discussed at the plea colloquy, Hinkle's right to due process is violated, and his right to effective assistance to counsel is violated at his plea because they exceed the maximum sentences discussed at the plea. We've thought quite a bit about this issue, and the Second District recently came out with a decision of People v. Williams. I don't know if you're aware of that case or not, but they talk about when there's inadequate MSR admonishments, the defendant still has to show some sort of prejudice. In this case, the trial judge incorrectly said, you will get three years MSR, and then he gave him three years MSR. When does prejudice attach in your mind? The prejudice attaches right there at the plea colloquy because the defendant was not properly admonished that he was going to be required to serve what is likely to be a life term of MSR. When he sought to vacate his plea, he didn't allege that if he had known, he wouldn't have entered the plea, and therefore it was involuntary. You seem to be making an argument that it's just an automatic – we automatically allow a request to vacate if the trial judge erred in some way. Well, if the actual sentence to be served exceeds the maximum discussed at the plea colloquy, yes, that's a violation of due process. That means the defendant was not knowing. It means it's not voluntary. It's obvious that he didn't allege that there was an MSR violation at the trial court level because no one understood there was one. The judge didn't understand that. The defense counsel did not. Most importantly, the defense counsel did not advise the client. Isn't it possible in this case that he could be released after three years of MSR? Well, there is that – that's what the state is claiming in this motion, that the prison review board will cap his MSR term of three years. That hasn't happened yet. We don't know what will happen. But even if that's the case, then his guilty plea to criminal sexual assault violates due process because he was told that he was going to receive a two-year term of MSR for that offense, and he's going to receive at least three years for that. So that conviction certainly should be vacated. I may be wrong, but doesn't the MSR period for the more serious offense always control? Well, you have to go back to the plea colloquy itself, Your Honor. There is no substantial compliance before O2 when the judge says you're going to get two years of MSR, but in fact you're subject to three, and in this case three to life. Are there any other questions? So you don't think that he needs to demonstrate that he would have made a different decision based on being given the correct terms of MSR? My argument is that there was a due process violation that rendered his plea involuntary, and that that is enough. We ask you to vacate his convictions and remand for further proceedings. Thank you. Ms. Kelly? Thank you. May it please the Court, Counsel. The people would point out that the defendant was sentenced to mandatory consecutive terms of 30 years plus 15 years for these offenses. Additionally, in the case to which he had pled guilty the previous fall, he was sentenced to a 26-year term, also for aggravated criminal sexual assault. All of these sentences are mandatory consecutive sentences. He was sentenced to a total of 71 years in prison, most if not all of which is to be served at 85 percent time. So the question of his MSR term won't even come into existence for many, many years into the future. Additionally, as the people pointed out in the brief and this Court has mentioned, the defendant has not alleged that he would not have pled guilty but for the fact that he wasn't told that there was an MSR of three years to life. As a practical matter, because he has the predatory criminal sexual assault charge for which he was told the MSR would be three years, that's the most serious of the three charges to which he pled, and that would be the MSR term. The two-year term would never kick in. So as a practical matter, we would be looking at a term that would not even take effect until well into the future, 50, 60 years down the road. And additionally, as this Court also noticed, the people have filed a request with the Bruiser Review Board to in fact cap the time at three years based on an opinion out of the Fifth District in which, for a different reason, that remedy was granted. So the people understand that the defendant was improperly admonished, that none of the parties were aware that the MSR term for the sexual offenses had changed, but that the defendant has not established that his plea was involuntary based on it, or that he is entitled to the relief of withdrawing his plea of guilty in this case. Are you familiar with the Strong case? Yes. Fully negotiated plea? The, you know, from our district? Yes, yes, I am. And we've addressed that in our brief. That was a fully negotiated plea, which this Court then held was void because you can't have an agreement to a void sentence. This was not a fully negotiated plea. This was an open plea. The defendant was merely misadmonished as to the maximum term of the MSR. In fact, he was eligible for three years MSR. So that part of the sentence is not... That's correct. Contrary to the statute. Right. Just hopelessly optimistic that the defendant would receive only three years. It could happen. It could happen. Who knows what the budget will be for the parole board 50 years down the road. So he was misadmonished as to the portion of the MSR term that it could exceed the three years. If we decide to hold our decision in abeyance, what is the time frame you anticipate for a ruling on your motion? I don't know. Unfortunately, the letter was just sent last Friday. We were hoping that it would be within a couple of weeks, possibly at the beginning of the new year. I don't know. I will follow up with the State's Attorney, and I was going to check with him in a couple of weeks to see if he had an answer. You're not suggesting 70 years to it? No. Have you had an opportunity to discuss this with defense counsel on whether there is an agreed time frame that you would be comfortable holding the decision? We hadn't done so, but I'd be happy to do so. We don't want to hold it forever. No, I had thought it would be that I would check with the State's Attorney. No longer than 30 days, you think? Certainly. I will check with him, and I can motion the court if he has not heard and has not been able to contact Mr. Monwheel for whatever reason. The chairman has not gotten back to him. I think he expects a response one way or the other. I'd be surprised if he did not get one. Any other questions? If I can file something with the court if 30 days has passed and there's been no response, then I will inform the court of that and inform the court and counsel as to what I've done to follow through on that. All right. Thank you. Thank you. Mr. Stapleton? I would like to urge this court not to wait for 70 years to address this issue. By then, the defendant will have served his prison sentence, which could be infected by a due process violation of a void guilty plea, and therefore this court should reach the merits. Are you opposed to delaying our decision any amount of time waiting for the court? What's your position on the motion? I wish I had seen the motion a little bit earlier. We do too. We were greeted by it this morning. But if the court thinks 30 days is appropriate, then I'm fine with that as well. Are there any other issues you wish to address at this time? No, Your Honor. Otherwise, I stand on the brief. Thank you. All right. Thank you. We will be taking the matter under advisement and discussing the motion to hold our decisions in abeyance. In any event, we would not postpone a decision any longer than 30 days. But we will discuss amongst us whether it will be postponed at all. We'll stand in recess for a panel change. Court is now in recess.